E-FILED
Tuesday, 23 July, 2019 02:01:07 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| BERNARD KISSINGER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 1:19-cv-1125 |
| PERFECT CHOICE EXTERIORS, LLC and MARINER FINANCE, LLC, | ) ) ) |
| Defendants. | ) |

## ORDER & OPINION

This matter is before the Court on Defendant Mariner Finance, LLC's, Motion to Compel Arbitration (Doc. 5). Following Plaintiff's response (Doc. 7), an Order calling for supplemental briefing (Doc. 8), and the parties' supplemental briefs (Docs. 12, 15), the Court determined Plaintiff's consideration argument was a matter for an arbitrator and set the matter for an evidentiary hearing on the question of whether Plaintiff had signed and initialed the contract containing the arbitration clause (Doc. 16). Having concluded the evidentiary hearing, Defendant's motion may now be resolved.

### BACKGROUND

This section serves to update with the information adduced at the evidentiary hearing; a fuller background may be found in the Court's prior Opinion & Order (Doc. 16). Defendant Mariner Finance called Brad Jackson, the salesperson from Defendant Perfect Choice Exteriors, LLC, who gave a full account of his dealings with Plaintiff. As relevant here, Jackson testified Plaintiff had signed a loan application

with Defendant Mariner Finance. Attached to the loan application was a photocopy of the cover page of Plaintiff's 1040 tax form and his driver's license. Additionally, Jackson testified he personally observed Plaintiff sign the Home Improvement Installment Contract and initial every page, including the page containing the arbitration agreement.

The only other witness called was Plaintiff. Plaintiff recounted the full course of his dealings with Jackson. His account differed from Jackson's in numerous respects. As relevant here, Plaintiff testified he did not recall signing the loan application and he did not believe the signature affixed to it was his. He testified he did not recall providing Jackson with the 1040 form or his driver's license. But he recognized he must have done so because he did not see another way Jackson could have obtained those documents. Moreover, although Plaintiff initially testified he had signed the Home Improvement Installment Contract, he stated that looking at it again he did not believe he signed it. This was a partial reversal of the position Plaintiff took in his supplemental brief. (Doc. 15).

## LEGAL STANDARD

The Federal Arbitration Act requires arbitration agreements be placed "on an equal footing with other contracts" and enforced "according to their terms"; nonetheless, they may be invalidated by generally applicable contract defenses. *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 67–68 (2010); 9 U.S.C. § 2. A party seeking to enforce an arbitration clause may request a stay of an action pending arbitration and an order compelling arbitration. 9 U.S.C. §§ 3-4.

"The division of labor between courts and arbitrators is a perennial question in cases involving arbitration clauses." *Janiga v. Questar Capital Corp.*, 615 F.3d 735, 741 (7th Cir. 2010). Courts evaluate only whether the arbitration agreement is valid; a challenge to the whole of the contract is for the arbitrator to decide. *Id.* "If there is no [agreement to arbitrate] there is to be no forced arbitration." *Gibson v. Neighborhood Health Clinics, Inc.*, 121 F.3d 1126, 1130 (7th Cir. 1997). State law determines whether an arbitration agreement was formed. *Id.* Under Illinois law, the party seeking to compel arbitration bears the burden of proving an agreement was formed. *Hubbert v. Dell Corp.*, 835 N.E.2d 113, 121 (Ill. App. 2005).

## DISCUSSION

A single, limited question remains before the Court: did Plaintiff sign the Home Improvement Installment Contract and affix his initials on the fourth page such that a valid arbitration agreement was formed? The narrow nature of this inquiry precludes the Court from remarking upon either Defendant's business practices; the sole matter to be determined is the validity of the arbitration clause.

The Court finds Defendant Mariner Finance met the burden of showing Plaintiff signed the contract. It was clear from the hearing that Plaintiff does not have a complete memory of the full account of his dealings with Jackson. He does not recall the loan application process but recognized that he must have been the one to furnish Jackson with his 1040 form and driver's license for that process, as Jackson testified. Similarly, Plaintiff's account of the signing the Home Improvement Installation Contract—that he signed something quickly when Jackson came by for

3

a few minutes and pressured him to do so without explaining it—is consistent with him also initialing several pages; he may simply not remember doing so. Nothing suggests Plaintiff or his counsel were in any way untruthful with the Court, often a concern with contradictory testimony.

Because the Court finds there was a valid arbitration clause, the motion at issue must be granted and arbitration compelled. "As the Seventh Circuit has consistently noted, 'the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather than dismiss outright.'" *Estep v. World Fin. Corp. of Ill.*, 735 F. Supp. 2d 1028, 1033 (C.D. Ill. 2010) (quoting *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008) (citation omitted)). This action will therefore will be stayed pending the resolution of arbitration. The Court would urge Plaintiff to pursue his rights expeditiously.

## CONCLUSION

Defendant Mariner Finance's Motion to Compel Arbitration (Doc. 5) is GRANTED. This matter is stayed pending arbitration. The parties are directed to file status reports on or before December 31, 2019, and every six months thereafter while the stay remains in force.

SO ORDERED.

Entered this 23rd day of July 2019.

                                                             s/ Joe B. McDade
                                                         JOE BILLY McDADE
                               United States Senior District Judge